# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| TY EVANS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:13-cv-634-JMS-MJD |
| DUSHAN ZATECKY, | ) ) ) |
| Respondent. | ) ) |

**Order Denying Motion to Alter or Amend Judgment**

For the reasons explained in this Entry, the petitioner's motion to alter or amend judgment will be **denied**.

**I.**

Ty Evans sought a writ of habeas corpus with respect to his convictions and sentences imposed by an Indiana state court. His petition was denied and judgment was entered on the clerk's docket on February 27, 2014. Evans filed a motion to alter or amend judgment on March 14, 2014, contending that "this Court's procedural default findings were 'manifest errors of law'" and the court should "alter or amend its findings on all Grounds raised in the Petition, in accord with the standard of review for ineffectiveness claims in *Strickland*."

**II.**

Based on the substance of the post-judgment motion, it is treated as labeled, this being a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

## III.

### A.

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990)(a Rule 59(e) motion is proper where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension").

### B.

It is by no means clear that the motion to alter or amend judgment seeks relief actually within the scope of Rule 59(e). *U.S. v. ITT Educational Services, Inc.*, 2012 WL 266943, *8 (S.D.Ind. 2012)(arguments that a court was in error on the issues it already considered should be directed to the court of appeals)(citing *Refrigeration Sales Co., Inc. v. Mitchell–Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill. 1983)). This court's determination can hardly be thought to be outside the adversarial issues presented to the court by the parties. *See Holmes v. Buss*, 506 F.3d 576, 579 (7th Cir. 2007) ("Federal habeas corpus happens to be one of the most complex areas of American law."). Here, the court's procedural determination as to two of Evans' claims and a ruling on the merits as to Evans' remaining ineffective assistance of counsel claims are neither a patent misunderstanding of Evans' claims by the court nor a decision outside the adversarial

issues presented to this court by Evans. Furthermore, the court's determination does not amount to error of apprehension.

Accordingly, Evans' motion to alter or amend judgment [dkt. 27] **is denied**. Evans' motion to expand the record [dkt. 26] is also **denied**.

**IT IS SO ORDERED.**

Date: __03/25/2014__

_Hon. Jane Magnus-Stinson, Judge_
United States District Court
Southern District of Indiana

Distribution:

Ty Evans
#158293
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Electronically Registered Counsel